Allen, J.
 

 The Public Utilities Commission, in its order and finding, found that the only operation over the route of the plaintiff in error legally permitted by the Public Utilities Commission was the operation of one seven-passenger bus. This conclusion was correct. All subsequent increases in equipment after the granting upon affidavit of the certificate of public convenience and necessity were illegal and the orders issued by the commission with respect thereto were void.
 
 Columbus Ry., Power & Light Co.
 
 v.
 
 Public Utilities Commission,
 
 113 Ohio St., 634, 150 N. E., 237;
 
 Cincinnati Traction Co.
 
 v.
 
 Public Utilities Commission,
 
 113
 
 *530
 
 Ohio St, 668, 150 N. E., 308;
 
 Scioto Valley Ry. & Power Co.
 
 v.
 
 Public Utilities Commission,
 
 115 Ohio St., 358, 154 N. E., 320.
 

 Plaintiff in error claims that it should have been given five days notice and a hearing, under the provisions of Section 614-87, General Code, urging a former order of the commission issued on October 20, 1927, finding that on that date plaintiff in error was authorized to operate two eleven-passenger busses between Lancaster, Ohio, and Athens, Ohio. However, under the facts of this record, Section 614-87, General Code, does not apply. An order of the Public Utilities Commission to desist from operating equipment authorized under a previous order, which previous order is void because of noncompliance with jurisdictional statutory requirements, does not constitute an alteration, amendment, or revocation of the certificate within the purview of Section 614-87. Neither does ft fall within the purview of Sections 614-21 and 614-23. These sections are not a part of the Motor Transportation Act, but are a part of the general public utilities statute. They relate to unjust, unreasonable, discriminatory and preferential rates, unjust, unreasonable, discriminatory and preferential practices, and were not enacted to cover the peculiar situation set forth herein.
 

 As the void order of October 20, 1927, emanated from the commission itself, it might have been wise practice for the commission to grant a hearing before issuing the order complained of herein. However, since the order authorizing the extra equipment was void
 
 ab initio,
 
 it was as if it had never been, and the Public Utilities Commission
 
 *531
 
 was justified in issuing a summary order to desist from the illegal operation.
 

 Order affirmed.
 

 Marshall, C. J., Robinson and Matthias, JJ., concur.
 

 Kinkade, J., not participating.